J-S30021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER MELO | : | |
| | : | |
| Appellant | : | No. 1617 MDA 2016 |

Appeal from the PCRA Order September 21, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005500-2009

BEFORE:  SHOGAN, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.:                    **FILED JUNE 14, 2017**

Appellant Alexander Melo appeals from the order entered September 21, 2016, denying as untimely his second petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

Following a jury trial, Appellant was convicted of rape, indecent assault, and related offenses arising out of the rape of a thirteen-year-old daughter of his live-in girlfriend.  Appellant was sentenced to five to ten years of incarceration.  This Court affirmed his judgment of sentence and allocator was denied.  **See Commonwealth v. Melo**, 31 A.3d 747 (Pa. Super. 2011) (unpublished memorandum), *alloc. denied*, 30 A.3d 1192 (Pa. 2011).

In June 2012, Appellant *pro se* filed a timely PCRA petition.  Appellant subsequently filed an amended, counseled PCRA petition.  In October 2013,

the court dismissed Appellant's PCRA petition.  Counsel timely filed a notice of appeal and court ordered 1925(b) statement.

In April 2014, Appellant filed an application to proceed *pro se* on appeal and for a remand for the PCRA court to conduct a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), to challenge the effectiveness of PCRA counsel.  This Court granted Melo's application.  After conducting a hearing, the PCRA court granted Appellant permission to proceed *pro se*, finding that his decision was made knowingly, intelligently and voluntarily.  Thereafter, Appellant *pro se* filed a brief claiming ineffective assistance of counsel regarding the denial of Appellant's PCRA petition.  This Court affirmed the denial of his petition.  *See Commonwealth v. Melo*, 118 A.3d 451 (Pa. Super. 2015).

In March 2016, Appellant filed another PCRA petition, asserting that the untimeliness of his claims premised on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Neiman*, 84 A.3d 603 (Pa. 2013), may be excused by *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), *Welch v. United States*, 136 S.Ct. 1257 (2016), and *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), and requesting appointment of counsel.  Counsel was appointed in April 2016.  On July 26, 2016, counsel filed a *Turner/Finley* letter and motion to withdraw.[1]  In

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998); *Commonwealth v. Finley*, 550 A.3d 1998 (Pa. Super. 1998) (*en banc*).

August 2016, the court granted counsel's motion to withdraw and issued notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907(1).

On September 27, 2016, Appellant filed a notice of appeal. The court issued a concise-statement order. The docketing statement and the record do not reveal that a 1925(b)-compliant concise statement was ever filed.[2]

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to ad hoc exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required

---

[2] The PCRA court nevertheless proceeded to address the timeliness of Appellant's PCRA petition, correctly concluding "neither **Alleyne** nor **Neiman** applies retroactively to [Appellant], whose case was pending on collateral review when he filed the instant petition." Order, 9/21/2016, at 2. Accordingly, the PCRA court found that Appellant failed to satisfy an exception to the time bar. We agree. Appellant's petition is patently untimely. Appellant's judgment of sentence became final on January 17, 2012, at the expiration of the ninety day time period for seeking review with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R. 13 grants an Appellant ninety days to seek review with the United States Supreme Court). Thus, Appellant has until January 17, 2013, to file his petition (as January 16 was Martin Luther King Day). The instant PCRA petition was filed March 21, 2016, more than three years late.

of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998)] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

**Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted).

As a result of Appellant's failure to file a 1925(b) statement as ordered by the PCRA court, he has waived all of his issues on appeal. While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that Appellant is not entitled to any particular advantage because he lacks legal training. **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996).[3]

Accordingly, we conclude that all of Appellant's issues on appeal have been waived, and therefore, we affirm the order of the PCRA court. **See Hill, supra**; **see also In re Ullman**, 995 A.2d 1207, 1211–12 (Pa. Super. 2010) ("This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure."); **see** Pa.R.A.P. 2101.

_____

[3] We note further that Appellant's brief falls well below our basic requirements: Appellant has failed to include a statement of jurisdiction, text of the order in question, statement of the questions involved, statement of the case, summary of the argument, and copy of the PCRA court's opinion. **See** Pa.R.A.P. 2114-2119.

J-S30021-17

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/14/2017